Blandy v. Raguet.

---

H. BLANDY et al.

*vs.*

J. C. RAGUET.

In this case, which is an appeal from an order vacating an attachment, the determination of the District Court, upon the question whether a certain state of facts constitutes fraud or not, is examined upon the affidavits used upon the motion to dissolve.

In the conflict of affidavits used upon the hearing of a motion to dissolve an attachment in this case, there being no manifest preponderance

of testimony to support the attachment, or manifest indication of false-hood in the affidavits presented by the defendant, the order of the District Court, vacating the attachment, is affirmed.

The plaintiffs entered into a certain written contract with T. S. Nickerson and H. Holton, in relation to furnishing said Nickerson and Holton with a steam engine, and certain machinery. The contract contained a stipulation, that said Nickerson and Holton should deposit with the defendant a certain sum of money, and a certain promissory note, to be delivered by him to the plaintiffs, pursuant to certain conditions contained in the written contract. The money and note were deposited pursuant to said stipulation. The plaintiffs, claiming that they had performed the contract on their part, and were entitled to the money and note, and that defendant had refused to deliver them up, on demand, brought this action in the District Court for Ramsey county, to recover judgment for the amount of the money and note, and on filing the affidavit of one of said plaintiffs, charging the defendant with fraud in retaining said money and note, and with fraudulently converting said money to his own use, obtained an attachment from said court. The defendant moved to dissolve the attachment; this motion was heard upon the record, and affidavits produced by the respective parties. The affidavits were conflicting; the facts which they tended to establish respectively, appear in the opinion of the Court. The court below granted the motion, and the plaintiffs appeal from the order vacating the attachment to this Court.

BRISBIN & PALMER for Appellants.

I.—The writ of attachment was properly allowed. *Gen.*

Blandy v. Raguet.

*Stat.*, *Ch.* 66, *Sec.* 128; *Laws of* 1867, *Ch.* 66, *Sec.* 1; 5 *Minn.*, 69; 6 *Minn.*, 183.

As the law now stands, a writ of attachment may be allowed in any action for the recovery of money (except those specified in the proviso to Sec. 1, Ch. 66, Laws of 1867), when an affidavit is made in the language of the statute. No proof of the general allegation is required.

II.—The affidavits and exhibits used on the hearing of the motion to vacate the writ, establish a clear case of fraud. 10 *Minn.*, 57: 12 *Minn.*, 522.

LAMPREYS for Respondent.

I.—This action is brought to recover of the defendant the value of certain personal property alleged to have been fraudulently converted by the defendant to his own use. It is an action of tort, and there is no waiver of the tort, therefore it cannot be an action *ex-contractu;* and it cannot be claimed with any reason that the "plaintiffs' said debt was fraudently contracted," which is the only ground set up for the attachment, because there was no debt; but the plaintiffs seek to recover damages for an alleged wrongful conversion of their property.

II.—The wrongful conversion of property to one's own use is not a ground for an attachment, but constitutes merely a cause of action in trover, no more. An attachment might be claimed in an action of replevin with equal reason, or in trespass founded upon the tort alone. *Stats. p.* 466, *secs.* 128, 129, 130; *Sess. Laws,* 1867, *p.* 110, *sec.* 130; *p.* 111, *sec.* 141; *Drake on Attachments, pages* 9, (2*d Ed.*,) 10, *and cases cited;* 7 *Abb. N. Y. Digest, secs,* 3, 4, *and cases cited.*

The plaintiffs propose an entirely new construction of the phrase, "an action for the recovery of money," never contemplated by the legislature. 6 *Abb. Pr. R.,* 343; *Ib.,* 329;

14 *How.*, 395 ; 1 *Duer*, 647 ; 8 *How.*, 504 ; 7 *Ib.*, 12 ; *Ib.* 51 ; 11 *Abb. Pr. R.*, 1.

The statute must be strictly construed.  3 *Minn.*, 406.

III.—There are no facts stated in the papers in support of the attachment, tending to show any ground whatever therefor, and the writ was improvidently granted.

The plaintiff, in his counter affidavits, must be confined to the same ground on which the attachment was issued, and to rebutting evidence.  12 *Barb.*, 265 ; 11 *How. Pr.*, 221 ; 6 *Abb. Pr.*, 34 ; 9 *Minn.*, 68.

IV.—The attachment was properly vacated by the Court below, by reason of the facts appearing on the motion to vacate the same.  *Laws of* 1867, *p.* 111, *sec.* 141.

The Court would not try the merits of the cause on such motion.  10 *How. Pr.*, 6.

*By the Court*—BERRY, J.—Whether, by the terms of the written contract between the appellants and Holton and Nickerson, the note and money were to be deposited with the respondent, subject to the order of the appellants absolutely and immediately, or upon the full performance of the contract by them, we need not now consider.  The affidavits used below on the part of the respondent have some tendency to show that the respondent honestly believed that it was his duty to retain the money and note, until full performance of the contract by the appellants, by the delivery and setting up of the machinery contracted for.  Indeed, there is some ground to infer from the complaint and affidavit for attachment, that the appellants had a similar understanding of the contract.  And that such was the appellants' understanding, would seem to be further inferable, from the fact, that according to the affidavit of Link, (a witness for the appellants below,) the appellants would not

Blandy v. Raguet.

have shipped the machinery, had not the respondent written them a letter, in which he stated that the money and note had been deposited with him, " to be paid over when the engine arrives and is set up." Shipping the machinery upon this letter, would appear to furnish some reason to suppose that they acquiesced in the respondent's construction of the contract, as thus expressed. Even if in entertaining this honest belief the respondent misconstrued the contract, he could hardly be guilty of *fraud* towards the appellants in refusing to hand over the note and money so long as the contract was not fully performed by them. And even if it had been fully performed by the appellants, but whether it had been or not was a matter of dispute between Holton and Nickerson and the appellants, and the former had forbidden the respondent to hand over the note and money, if the respondent did not know that the contract had been performed, or was in doubt as to its performance, then he would not be guilty of *fraud* in retaining the note and money. The affidavits introduced below by the respondent, tend to show that the contract had not been fully performed by the appellants ; that Holton and Nickerson had so informed the respondent, and had on that account forbidden him to hand over the note and money. The same affidavits also tend to show that the respondent is solvent, and is ready and willing to hand over the note and money whenever he shall understand it to be his duty to do so ; and they also deny any fraudulent action or intent on the part of the respondent.

On the other hand, the affidavits introduced by the appellants, materially conflict with those introduced by the respondent, and tend to establish a very different state of facts.

Under all the circumstances, we cannot say that the Judge below erred in determining that the appellants did

not make out a case for an attachment.    Fraud is not to be presumed againt the respondent, and there is no such preponderance of testimony ·on the part of the appellants, no such indications of falsehood in the defendant's affidavits, as would warrant us in saying that the action of the Court below was erroneous.

Order affirmed.