ANDREW NELSON

*vs.*

W. H. GIBBS, *et al.*

Upon a defendant's motion to vacate a writ of attachment on account of the alleged untruth of the statement of the grounds of attachment contained in the affidavit upon which the writ was allowed, it is competent for the district court to inquire into the truth or falsity of such statement for the purpose of determining said motion.

This action was brought in the district court for Olmsted county, upon contract for the recovery of money only. At the time of issuing the summons, plaintiff sued out a writ of attachment which was levied upon the real estate of defendants. Plaintiff's affidavit upon which the writ was procured, stated, among other things, that defendants were about to assign and dispose of their property, with intent to hinder, delay, and defraud their creditors. Defendants made their affidavit putting in issue that portion of plaintiff's affidavit

alleging fraud, &c., upon which an order to show cause why the attachment should not be vacated was granted. Upon the return day of the order to show cause, after hearing the affidavit of the defendants, and an affidavit on the part of the plaintiff in opposition thereto, the court, made an order that the attachment, &c., be vacated; from which order the plaintiff appeals to this court.

McMAHON & CLOUGH, for Appellant.

C. T. BENEDICT, for Respondents.

*By the Court.*—BERRY, J.—Upon plaintiff's affidavit stating as grounds of attachment "that the defendants and each of them are about to assign and dispose of their property with intent to delay and defraud their creditors, and in particular to delay and defraud this deponent," a writ of attachment was issued out of the district court for Olmsted county, and levied upon defendants' property. Defendants upon their joint affidavit denying the existence of the alleged grounds of attachment moved to vacate the writ, and proceedings thereunder, and from an order granting their motion plaintiff appeals to this court. It is agreed that the writ and proceedings were vacated solely for the reason that the plaintiff's affidavit was disproved in respect to the alleged grounds of attachment, by the affidavit of defendants. Plaintiff contends here, that it was not competent for the court below thus to inquire into the truth or falsity of his affidavit, because the statute (*ch.* 66, *Laws* 1867) gives a plaintiff an *absolute right* to the writ upon condition that he *make affidavit* of the existence of the facts specified, and *not* upon the condition that such facts *exist.* But we are of a different opinion. *Sec.* 1 *of ch.* 66 (*Laws* 1867) enacts that "the writ of attachment shall be allowed when-

Nelson v. Gibbs et al.

ever the plaintiff  *  *  shall make affidavit, &c., &c.  *Sec.* 3 of the same chapter enacts that " the defendant may at any time, before the time for answering expires, or at any time thereafter when he has answered, and before trial, apply to the court, on notice, to vacate the writ of attachment. If the motion is made upon affidavits on the part of the defendant but not otherwise, the plaintiff may oppose the same by affidavits, in addition to those on which the writ of attachment was allowed." It appears, then, that while the statute gives a plaintiff an absolute right to the *allowance* of the writ upon his making affidavit as required, it does not give him an absolute right to have the writ *sustained*, since it provides that the same may be *vacated*, upon the application of defendant. The language " apply  *  *  *  to vacate the writ" is general, and its fair construction is that defendant may apply to have the writ vacated, either because the statute has not been complied with in the allowance and issuance of the writ, or because the statements found in plaintiff's affidavit of the matters prescribed by statute as grounds for the allowance of the writ are untrue.

This construction is supported by the provision that defendant may base his motion to vacate upon *affidavits,* since it is not apparent to what these could be directed, unless it be to the disproof of the statements contained in plaintiff's affidavit. So also the provision that plaintiff may " oppose " defendant's affidavits " by affidavits *in addition to those* on which the writ of attachment was allowed," would appear to imply that the defendant's affidavits may *take issue* with the affidavit upon which the writ was allowed. That our construction is the proper one, appears to have been taken for granted in *Blandy vs. Raguet,* 14 *Minn.* 243.

In our opinion, then, it was competent for the court below, upon the motion to vacate, to inquire into the truth or falsity

of the statements of the grounds of attachment contained in plaintiff's affidavit. As it is not claimed, and as we see no reason to suppose, that the court (admitting its authority to make this inquiry) erred in its decision upon the comparative weight of the affidavits used upon the hearing, the order appealed from is affirmed.