HENRY DROUGHT

*vs.*

SAMUEL COLLINS.

*Nelson vs. Gibbs,* 18 *Minn.* 541, followed. Order vacating an attachment sustained.

Appeal by plaintiff from an order of the district court for Steele county, dissolving an attachment. The case is stated in the opinion.

LEWIS L. WHEELOCK and AMOS COGGSWELL, for Appellant.

GORDON E. COLE, for Respondent.

Drought v. Collins.

*By the Court.*—Berry, J.—This is an appeal from an order, vacating a writ of attachment.

Plaintiff's first point, viz., that a party, who makes the affidavit required by statute, is entitled to an attachment, and that the defendant's only remedy is upon the undertaking, has been heretofore determined to be untenable in *Nelson vs. Gibbs,* 18 *Minn.* 541.

The other point made by plaintiff is, that "the whole evidence taken together shows that the attachment should have been sustained." The affidavit, upon which the attachment was allowed, states in general terms, as the ground of attachment, "that defendant is about to assign, secrete and dispose of his property, with intent to delay and defraud his creditors."

Defendant's affidavit upon his motion to vacate positively and explicitly denies the existence, at any time, of the purpose or intent thus attributed to him, and, among other things, charges the plaintiff with having procured the attachment to be levied, for the purpose of annoying and harassing him, and sets up other facts, tending in some degree to show that the alleged ground of attachment was unfounded and false. The counter-affidavits read upon the motion to vacate, on the side of the plaintiff, while they contradict defendant's affidavit in some respects, do not, so far as we can discover, in any substantial degree impair the force of his denial of the fraudulent purpose and intent ascribed to him, neither do they add anything of importance to the weight of plaintiff's *general statement* in the affidavit, upon which the attachment was allowed.

Upon this state of the evidence before him, we are not only unable to say that the determination of the district judge, vacating the attachment, was wrong, but upon a careful perusal of all the affidavits, we are satisfied that it was entirely right.

Order affirmed.